**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Keith BOLEN, Defendant–Appellant.**

No. 94–1568.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 29, 1994.

Decided Jan. 6, 1995.

Before CUMMINGS, ESCHBACH, and KANNE, Circuit Judges.

ESCHBACH, Circuit Judge.

Defendant Keith Bolen appeals from his conviction for retaliating against a federal witness in violation of 18 U.S.C. § 1513. Bolen contends that the evidence presented at trial was insufficient to support his conviction. We affirm.

## I.

On June 25, 1993, Keith Bolen got into a fight with Gary Young in the parking lot of Holiday Liquors in Cedar Lake, Indiana. It was a Friday night, and Bolen had been out drinking beer with a group of friends. Ron Hummel, one of Bolen's friends, was driving them around in his jeep. Hummel stopped at Holiday Liquors and ran into the store to buy more beer. While Bolen and his friends were waiting in the jeep, Gary Young coincidentally pulled into the liquor store parking lot on his way home from work. Young had testified against Bolen in a federal criminal case less than four months earlier.[1]

As Young made his way from the parking lot to the liquor store, a fight broke out between him and Bolen. Although various witnesses at trial provided conflicting testimony as to how the fight started, it is undisputed that Bolen ultimately caused bodily injury to Young. The record indicates that the fight lasted for several minutes and that Young suffered a bloody nose and other facial injuries. The fight ended when Young entered the liquor store and Bolen returned to Hummel's jeep.

On September 8, 1993, a grand jury indicted Bolen on one count of retaliating against a federal witness in violation of 18 U.S.C. § 1513. A jury trial commenced on November 10, 1993. Bolen moved for a judgment of acquittal at the close of the government's case, but the motion was denied. Bolen subsequently failed to renew his motion for judgment of acquittal at the close of his case or at the close of all the evidence. On November

Andrew B. Baker, Jr., Ronald J. Kurpiers, Asst. U.S. Attys., Joseph Alexis Cooley (argued), Office of the U.S. Atty., Dyer, IN, for plaintiff-appellee.

Steven L. Mullins, William L. Touchette (argued), Merrillville, IN, for defendant-appellant.

---

**1.** On March 3, 1993, Young testified on behalf of the government in *United States v. Bolen*, No. HCR 92–138. Bolen had been charged with discharging a firearm at a civil aircraft in violation of 18 U.S.C. § 32, and Young testified that he had heard shots from an automatic or semi-automatic weapon. Bolen was subsequently acquitted because of insufficient evidence.

12, 1993, the jury returned a verdict of guilty. Bolen filed a timely appeal, claiming that his conviction should be vacated because it was not supported by sufficient evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

■ Bolen's sole contention is that the evidence presented at trial was insufficient to support the jury's verdict finding him guilty of retaliating against a federal witness. In general, a verdict will withstand a sufficiency of the evidence challenge as long as the prosecution presented some evidence from which the jury could find guilt beyond a reasonable doubt. *United States v. Villagrana,* 5 F.3d 1048, 1051 (7th Cir.1993); *United States v. Caudill,* 915 F.2d 294, 297 (7th Cir.1990). In the case at bar, however, Bolen conceded at oral argument that he failed to preserve the issue of insufficient evidence for direct appellate review because he did not renew his motion for judgment of acquittal at the close of all the evidence in the trial court. Under such circumstances, "an appellate court may reverse a conviction for insufficiency of the evidence only where the defendant demonstrates a manifest miscarriage of justice." *Caudill,* 915 F.2d at 297; *see United States v. Goulding,* 26 F.3d 656, 663 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 673, 130 L.Ed.2d 605 (1994). Here, the jury's verdict against Bolen did not result in a manifest miscarriage of justice.[2]

■ In order to prove that Bolen retaliated against a federal witness in violation of 18 U.S.C. § 1513, the government must show that Bolen caused bodily harm to Young "with the intent to retaliate" against Young for his attendance as a witness at Bolen's federal criminal trial in March, 1993. *See* 18 U.S.C. § 1513(b).[3] Bolen acknowledges that

he caused bodily harm to Young, but he contends that the evidence presented at trial was insufficient to show that he acted with the requisite intent to retaliate against a witness. *See United States v. Torres,* 977 F.2d 321, 326 (7th Cir.1992) (stating that in a conviction under 18 U.S.C. § 1513, "the government was required to establish that [the defendant] acted not only knowingly, but also with an intent to retaliate"). In reviewing sufficiency of the evidence challenges, we review the evidence in a light most favorable to the government and we defer to the jury's evaluation of the credibility of witnesses. *United States v. Martinez,* 937 F.2d 299, 303 (7th Cir.1991); *Caudill,* 915 F.2d at 297.

At trial, the government provided evidence that Bolen instigated the fight against Young and that references were made to Young "ratting" on Bolen. Young testified that as he was walking from the parking lot to the liquor store entrance, he was called over to the jeep in which Bolen and his friends were sitting. According to Young's testimony, he started to back away from the jeep as soon as he recognized Bolen's presence, and Bolen then jumped out of the jeep, confronted Young, and started beating him. Danny Miller, a government witness who had been standing next to the jeep in the Holiday Liquors parking lot when this incident occurred, testified that he heard someone from inside the jeep yell: "There's the guy that ratted on you." Miller further testified that he heard Bolen repeatedly ask Young: "Why did you rat on me?"

Not surprisingly, Bolen's witnesses at trial provided a different version of what transpired. They testified that Young had instigated the fight and that there was never any mention of Young's participation as a witness in Bolen's previous criminal trial. On appeal,

---

**2.** Even if Bolen had properly preserved the issue of insufficient evidence by renewing his motion for judgment of acquittal at the close of all the evidence, we would still find under the normal standard of review that there was sufficient evidence to support the jury's verdict in this case.

**3.** Section 1513(b) provides:

Whoever knowingly engages in any conduct and thereby causes bodily injury to another

person ... with intent to retaliate against any person for—

(1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, or other object produced by a witness in an official proceeding;

.  .  .  .  .

or attempts to do so, shall be fined not more than $250,000 or imprisoned not more than ten years, or both.

Bolen argues in effect that the testimony of his witnesses was stronger and more credible than that of the prosecution; however, this is clearly a jury question. Viewing the evidence in a light most favorable to the government, and allowing the jury to evaluate the credibility of the witnesses, we are satisfied that there was sufficient evidence to support Bolen's conviction. Accordingly, there was no manifest miscarriage of justice.

### III.

For the foregoing reasons, the defendant's conviction is AFFIRMED.